**In the Matter of NEVADA IMPLEMENT COMPANY, Debtor.**

**Arthur B. FEDERMAN, trustee in bankruptcy, Plaintiff,**

**v.**

**Robert FALCONE and Borg-Warner Acceptance Corporation, Defendants.**

**Bankruptcy No. 81–00772–SW.**
**Adv. No. 81–0982–SW.**

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

June 2, 1982.

Arthur Federman, Kansas City, Mo., for plaintiff.

Steve Caruso, Kansas City, Mo., for defendants.

ORDER DIRECTING THE DEFENDANT BORG–WARNER ACCEPTANCE CORPORATION TO TURN OVER TO THE PLAINTIFF THE SUM OF $10,-228.16

DENNIS J. STEWART, Bankruptcy Judge.

This court issued its judgment in this adversary action on September 22, 1981, directing the turnover by the defendant Robert Falcone to the estate in bankruptcy of a sum equalling the difference between the fair market value and the value of Borg-Warner Acceptance Corporation's encumbrance on the equipment which had been transferred by the debtor to Robert Falcone shortly before the date of the commencement of these title 11 proceedings. It

was found in the findings of fact and conclusions of law underlying that judgment that the transfer was one under section 548(a)(1) of the Bankruptcy Code which might properly be avoided by the trustee in bankruptcy. And it was the defendant Borg-Warner Acceptance Corporation which had appeared in the hearing and submitted to the court facts which tended to show that, as of the date of the hearing of July 31, 1981, Robert Falcone was in possession of the implements, turnover of which was sought by the trustee. This was done by the Borg-Warner Acceptance Corporation to defend against the trustee's complaint for turnover by demonstrating that it did not have any of the property or value sought by the trustee.

Subsequently, however, with full knowledge of the trustee's claim of right to the property or the value of the debtor's equity in it, the defendant Borg-Warner Acceptance Corporation repossessed the implements from Robert Falcone. In so reporting the repossession, Borg-Warner Acceptance Corporation's former counsel stated that, since the hearing of July 31, 1981, Borg-Warner had not received any subsequent notices from the court concerning this action. But that hearing, and the notices which preceded it, plus the fact that Borg-Warner had then appeared and defended itself from the turnover request on the grounds that Robert Falcone, not it, was in possession of the property, sufficed to give the Borg-Warner Acceptance Corporation more than adequate notice of the estate's claim to the property or its value.

Because of the subsequent transfer of this value, which otherwise would have gone into the estate under the provisions of section 541 of the Bankruptcy Code, the estate became entitled to collect it from the ultimate transferee, the defendant Borg-Warner Acceptance Corporation. See section 550(a)(1) of the Bankruptcy Code to the effect that:

"... to the extent that a transfer is avoided under section ... 548 ... of this title, the trustee may recover for the benefit of the estate, the property transferred, or, if the court so orders, the value

of such property from ... the initial transferee of such transfer or the entity for whose benefit such transfer was made; or *any immediate or mediate transferee of such initial transferee.*" (Emphasis added.)

The only defense to recovery from a transferee of the initial transferee is when the ultimate transferee gave value *and* "without knowledge of the voidability of the transfer avoided." Section 550(b)(1) of the Bankruptcy Code. As noted above, the participation of the defendant Borg-Warner Acceptance Corporation in the hearing of July 31, 1981, is sufficient to establish its knowledge of the voidability of the transfer.

Because, therefore, the trustee is, pursuant to section 541 of the Bankruptcy Code, entitled to recovery of the "equitable" interest of the debtor, which in this case is the difference between the market value and the value of Borg-Warner's encumbrance, the court undertook by way of post-judgment enforcement proceedings, to ascertain the market value of the property. Through successive inquiries and hearings, which are adequately documented in the files and records in this case, the court was unable to command production of the information which was necessary to a determination of the value of the debtor's interest in the property.

Now, however, it has been demonstrated by the evidence presented in the hearing of February 25, 1982, that some of the difference between wholesale and retail prices in respect of the items of property which are here in issue is $3,595.46. This has been shown by the uncontradicted offering in evidence of a summary by the defendant Borg-Warner Corporation to the following effect:

| Item of property | Wholesale Price — "amount advanced to Robert Falcone by Borg-Warner Acceptance Corporation." | "List Price from Invoice" |
|---|---|---|
| 1630 Disk # 107586 | $5,734.18 | |
| 753 Row Crop Head # 391753 | 8,523.90 | 8,523.90 |
| 160NR Rotary Cutter # 06909 | 2,725.10 | 3,355.00 |

| Item of Property | Wholesale Price — "amount advanced to Robert Falcone by Borg-Warner Acceptance Corporation." | "List Price from Invoice" |
|---|---|---|
| 126 BR Rotary Mower #602123 | 2,790.75 | 3,450.00 |
| 1423 Disk #010612 | 762.89 | 807.00 |
| 236 Field Cult. #06–144 | 5,300.02 | 6,311.00 |
| Post Hole Digger #9050 | 571.98 | 713.98 |

These values are suspect. It seems remarkable that the percentage of mark-up allowed to retail implement dealers would be as low as the evidence in this case indicates. But, with respect to most of the implements, it is uncontradicted evidence. Therefore, the court must be guided by the evidence which is before it, when both parties have been granted adequate and explicit opportunities to present evidence on this issue.

In respect of some of the items of inventory, however, other evidence of fair market value has previously been presented by the defendant Borg-Warner Acceptance Corporation. Thus, in the hearing conducted on December 14, 1981, the Borg-Warner Acceptance Corporation has presented the testimony of Bob Briscoe as to the retail values of the implements. These values have been earlier detailed in this court's order of January 11, 1982. Higher retail values were testified to by Mr. Briscoe with respect to the following articles: The NJD 1630 disk, $12,000; the 653 Row crop head, $10–12,000. Because this testimony was presented under the sponsorship of the defendant Borg-Warner Acceptance Corporation, this court should indulge it where it purports to show a higher retail value of the implements as of the date of bankruptcy. Thus, the fair market value of the 1630 disk will be found to be $12,000 and that of the 653 row crop head will be found to be $10,000, wholly consistent with the evidence presented in this case and the rules governing its weight and admissibility.

The difference between the total of the wholesale prices, according to the above chart, and the total of the retail prices is $10,228.16. That is the sum which must be turned over by the Borg-Warner Acceptance Corporation to the trustee in bankruptcy. The defendant insists that this court is bound to apply only the value of the property as of the date it was repossessed by Borg-Warner as the value to compare with encumbrance value in determining the debtor's equity. But the estate in bankruptcy is entitled to the fair market value of the debtor's legal or equitable interests as of the time of commencement of these title 11 proceedings. There is no evidence of depreciation as of that time, although there later may have been some depreciation thereafter, due to the unlawful transfer of the articles to Robert J. Falcone.

It is therefore, for the foregoing reasons,

ORDERED that, within 20 days of the date of entry of this order, Borg-Warner Acceptance Corporation turn over the sum of $10,228.16 to plaintiff.